**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

                                  CASE NO. 8:22-cr-115-SDM-TGW

v.

ANDRES MAURICIO ANGULA ESTUPINAN

_____/

**ANDRES MAURICIO ANGULA ESTUPINAN'S SENTENCING**
**MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**
**FROM THE OTHERWISE APPLICABLE GUIDELINE RANGE**

The defendant, Andres Mauricio Angula Estupinan, by and through the undersigned counsel, hereby files his sentencing memorandum to assist the Court in fashioning an appropriate sentence in this case. In this memorandum, the defendant will address the outstanding objections to the application of the United States Sentencing Guidelines and move the Court for a downward variance from the otherwise applicable advisory guideline range.

### *Background*

Mr. Angula Estupinan is a 39-year-old man from Buenaventura, Colombia. On March 23, 2022, he was charged in a single count Indictment with the offense of Conspiracy to Possess with Intent to Distribute Five Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine Aboard a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 70506(b), and 21 U.S.C. §960(b)(1)(B)(ii). On February

6, 2025, Mr. Angula Estupinan pleaded guilty to Count One of Indictment and the United States Magistrate Judge's Report and Recommendation endorsed accepting the guilty plea. (Doc. 124). This Court accepted his guilty plea on February 26, 2025. (Doc. 131). The remaining objections to the Presentence Report ("PSR") are the four-level enhancement for role in the offense (USSG §3B1.1(a)) as an organizer leader and the two-level enhancement for importation (USSG§2D1.1(b)(16)(C)). There are also various other objections that may need to be addressed depending on the Court's ruling on the role objection.

**Outstanding Objections to Presentence Report**

*Factual Objections and Holding Government to Burden*

The defendant objects to paragraphs 5, 7, 19, 22 and 23 of the Presentence Report (Doc. 161)(Hereafter "PSR") and intends to hold the government to its burden. The government bears the burden of proving by a preponderance of the evidence that the defendant should receive an aggravating role adjustment. The government needs to prove the defendant's role in the offense by a preponderance of evidence. *United States v. Yates*, 990 F.2d 1179 (11th Cir. 1993). The defendant also notes the Addendum to the PSR inaccurately indicates that the defendant stipulated to the facts contained in the Notice of Factual Basis contained Document 111. At the time of his guilty plea the defendant stipulated to the elements of the offense and did not stipulate to the facts asserted by the government in document 111.

_Role in the Offense_

The PSR significantly overstates the defendant's role in the organization and appears to duplicate roles and omit roles of the higher-ranking coconspirators. The defendant contends that an organizational chart would appear as:



Andres Muaricio Angula Estupinan(the defendant) was under the Rodriguez brothers and did what he was instructed to do by Miller Rodriquez Valencia. USSG §3B1.1 Application Note two states:

> **Organizer, Leader, Manager, or Supervisor of One or More Participants.**—To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

Using the above criteria, the defendant does not merit an enhancement for his role under USSG§3B1.1. Paragraph 34 of the PSR should be zero points for his role in the offense.

*Importation Enhancement*

Paragraph 31 of the PSR incorrectly increases the defendant's base offense two levels pursuant to USSG §2D1.1(b)(16)(C) because the defendant received an adjustment under §3B1.1 (Aggravating Role) and the defendant was directly involved in the importation of a controlled substance. (Doc. 161 ¶31). The defendant objects to this enhancement on four grounds. First, the defendant should not receive an aggravating role adjustment and therefore he is ineligible for the enhancement. Second, the PSR provides no facts alleging the defendant was "directly involved" in the importation of a controlled substance. The direct involvement criteria should apply to the person directly involved in arranging for the importation ultimately into the United States at specific location in the United States. Third, the defendant has been provided no information indicating the drugs in this case were destined for the United States other than the assertion in paragraph 5. Finally, the defendant was held responsible in the PSR for two shipments both of which were seized by the United States Coast Guard. While these drugs may have been shipped, there was no "importation." The guideline enhancement does not apply because the language in the statute requires a completed act.

*Other Objections*

Should the Court grant the defendant's objection to an aggravated role in the offense he would be eligible for a two-level reduction for zero point offender pursuant to USSG §4C1.1 and for a two-level safety valve reduction pursuant to

USSG §2D1.1(b)(18). The defendant indicates he was arrested on June 16, 2023, for this offense and detained pending extradition since that date. The defendant requests credit from that date.

**Motion for a Downward Variance from the Advisory Guidelines Range**

Mr. Angula Estupinan moves this Court for a variance from the otherwise applicable advisory guideline range. The particularized facts and circumstances of the case warrant a downward variance from the otherwise applicable guideline range, include; the defendant's challenging background and the sentence received by his co-defendant.

*Variance Legal Basis*

The Eleventh Circuit reemphasized the wide discretion district courts enjoy in determining whether variances are appropriate. *See United States v. Rosales-Bruno,* 789 F. 3d 1249 (11th Cir. 2015). Although district courts must consider all available § 3553(a) factors, they need not give all the factors equal weight. *Id. at 1254.* (Citation omitted). "Instead, the sentencing court 'is permitted to attach "great weight" to one factor over others.'" *Id., quoting Gall v. United States,* 552 U.S. 38, 57 (2007). Likewise, although district courts must consider the advisory guidelines range, "it is only one of a dozen or so factors that the court must take into account." *Id.* at 20 (citation omitted). Moreover, "The Supreme Court has been clear that "[t]he Guidelines are not the only consideration…. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem

appropriate, the district court should then consider all of the §3553 factors to determine whether they support the sentence requested by a party.'" *Id., quoting Gall,* 552 U. S. at 50. In fact, "[n]othing requires a sentencing court to give the advisory guidelines range as much weight as it gives any other § 3553(a) factor or combination of factors." *Id.*

 *Individual Defendant Characteristics*

As currently calculated Mr. Angula Estupinan's advisory guideline imprisonment range in the PSR is 324-405 months in prison. Mr. Angulo's supervisor in the offense, Miller Rodriguez Valencia, was sentenced to 240 months in prison. (Doc. 161 Page 1). Among the sentencing factors in Title 18 U.S.C. 3553(a) instructs a sentencing court to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The defendant was less involved in the offense then Miller Rodriguez Valencia who was the main dispatcher and supervised the defendant.

The defendant comes from a significantly disadvantage background. He was abandoned by his parents and raised by his grandparents who struggled financially while raising him. (Doc. 116 ¶47). The defendant only attended school up to the third grade quitting to start working to help the family. (Doc. 116 ¶58). He was employed as a machinist earning $120 per month. (Doc. 116 ¶60). Mr. Angula Estupinan is looking forward to vocational training in the Bureau of Prisons in order to have more employment skills when he returns home.

*Conclusion*

Mr. Angula Estupinan is a good candidate for rehabilitation and very unlikely to reoffend. At the sentencing hearing, the defendant will request the Court to vary from the otherwise applicable guideline range.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

*/s/Timothy J. Fitzgerald*
Timothy J. Fitzgerald, Esq.
FL Bar No. 0780618
800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
fflawpafedtjf@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished by Cm/ecf on May 12, 2025, to the following:

AUSA Lauren Stoia