UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,    CASE NO. 8:22-cr-115-SDM-TGW

        Plaintiff,

v.

PEDRO ARCESIO MESA-LARA,

        Defendant.

_____

## **SENTENCING MEMORANDUM OF PEDRO ARCESIO MESA-LARA**

The Defendant, PEDRO ARCESIO MESA-LARA, files this *Sentencing Memorandum of Pedro Arcesio Mesa-Lara*, and in support briefly states:

### **Preliminary Statement**

On November 20, 2025, Pedro Arcesio Mesa-Lara ("Mr. Mesa-Lara") will be the last of six defendants to be sentenced in the underlying international cocaine smuggling case.  As reflected in Mr. Mesa-Lara's presentence investigation report ("PSI" and/or "PSR"),[1] the codefendants are:

- Miller Rodriguez Valencia ("Rodriguez")[2]

- Erasmo Rodriguez Valencia ("Valencia")[3]

- Andres Mauricio Angulo Estupinan ("Estupinan")[4]

---

[1] *See* Doc. 234.

[2] Rodriguez is also known by the moniker "El Gordo."

[3] Valencia is also known by the monikers "Mellizo" and "Mono."

[4] Estupinan is also known by the moniker "Chamuco."

- Milson Rodriguez Salas ("Salas")[5]

- Jose Alfredo Hurtado Ibarra ("Ibarra").[6]

The codefendants in Mr. Mesa-Lara's case were sentenced within the past year.[7] As more fully set forth below, the sentences imposed as to the codefendants ranged from 120 months imprisonment to 262 months imprisonment. It is the position of Mr. Mesa-Lara that the sentence to be imposed as to him should be at the lower end of the previously noted range—if not lower.

### Background

In relation to the underlying drug smuggling case, while also giving due consideration to the companion PSI of Mr. Mesa-Lara as well as references therein to his five codefendants, the U.S. Probation Office ("Probation") identifies seven international drug smuggling ventures between 2017 and 2021 in which the U.S. Coast Guard ("Coast Guard") interdicted the involved seagoing vessel containing cocaine—with 480 kilograms as the low mark quantity and 1,665 kilograms the high mark.[8]

---

[5] Salas is also known by the moniker "Nilson."

[6] Rodriguez is also known by the monikers "Piter" and "La P."

[7] *See* Doc. 234 at 1-2.

[8] *Id.* at ¶¶12-33.

As reported by Probation in the PSI, cooperating witnesses said that codefendant Valencia, was an organizer or coordinator in five of the seven interdicted ventures; he was identified as the hiring person in one of the seven ventures.[9]   Probation describes Valencia as one of the organization's leaders.[10] The Honorable Court has sentenced Valencia to a term of <u>262</u> months imprisonment,[11]

Codefendant Rodriguez, the lead defendant in the underlying indictment and a person singled-out by Probation in the PSI in no less than three of the seven interdicted drug smuggling ventures,[12] is described as the person operating the drug trafficking organization.[13]   The Honorable Court sentenced Rodriguez to a term of <u>240</u> months imprisonment.[14]   Rodriguez, as well as his brother Valencia, were repeatedly named and identified by cooperating witnesses.

The PSI furthers that cooperating witnesses assert that since at least 2017 codefendant Salas was the individual responsible for logistics and security within the underlying alleged drug trafficking organization.[15]   Another cooperating

---

[9] *Id.*

[10] *Id.* at ¶8.

[11] *Id.* at 2.

[12] *Id.* at ¶20, 26-28, and 32.

[13] *Id.* at ¶27.

[14] *Id.* at 2.

[15] *Id.* at ¶6.

witness described Salas as the "right-hand man" of lead defendant Rodriguez.[16]

Salas was sentenced to by the Honorable Court to a term of <u>210</u> months

imprisonment,[17]

In the PSI, Probation lays out the conduct of codefendant Estupinan,

including his conduct in three of the seven interdictions by the Coast Guard.[18]  The

first interdiction of the three interdictions took place on December 17, 2019.[19]

According to the underlying PSI, Estupinan was originally intended to be a crew

member; however, he ended-up in a car accident and recruited another person to

replace him in this venture with 480 kilograms of cocaine aboard.[20]  Estupinan

would eventually receive a "gratuity" from his replacement.[21]  The second

interdiction specifically addressing codefendant Estupinan took slightly more than

two years later, on January 30, 2021, when approximately 710 kilograms of

---

[16] *Id.*

[17] *Id.* at 2.

[18] *Id.* at ¶¶17-19, 25-27, and 31-33.

[19] *Id.* at ¶¶17-20.

[20] *Id.* at ¶¶17 and 19.  It also appears that Estupinan was associated with the engines of the vessel.  *Id.* at ¶18.  According to the PSI, prior to the Coast Guard interdiction of December 17, 2019, engines were installed on the low-profile vessel, however, filters were needed.  Estupinan's replacement refused to retrieve the needed filters.  So, Estupinan delivered the filters to his replacement.  *Id.*

[21] *Id.*

4

cocaine was seized. [22]   According to the PSI,  Estupinan, along with codefendants Rodriguez and Valencia, coordinated with the captain of the drug smuggling go fast vessel (GFV) that would soon be intercepted by the Coast Guard.[23]  Estupinan was present when the captain was paid,[24] and also in attendance at a meeting with the captain and another crew member when details of the drug smuggling venture were discussed.[25]  Salas, previously noted in this sentencing memorandum as the purported "right-hand man" of Rodriguez (as well as having received a sentence of 210 months), was also present at the launch site for this drug trip in which the vessel was eventually interdicted on January 30.[26] Lastly, with respect to the outlined conduct of Estupinan (in this second interdiction directly referencing him), Estupinan and Salas reportedly participated in the deployment of counter-surveillance vessels near the dispatch site.[27]  Estupinan is is identified as being at the launch site for a vessel that would be intercepted on July 12, 2021  with approximately 656 kilograms of cocaine aboard. [28]  The Honorable Court sentenced Estupinan to a term of just 120 months imprisonment,[29]

---

[22] *Id*. at ¶¶25-30.

[23] *Id*. at ¶26.

[24] *Id*.

[25] *Id*. at ¶27.

[26] *Id*.

[27] *Id*. at ¶28.

[28] *Id*. at ¶33.

Although codefendant Ibarra is specifically referenced in only one of the underlying seven drug smuggling ventures in which there was an interdiction by the Coast Guard,[30] Probation reports that Ibarra facilitated transport brokering services for investors engaged in cocaine trafficking ventures and coordinated the bulk transportation of cocaine through the maritime smuggling operation managed by codefendants Rodriguez and Valencia.[31]  The PSI furthers that Ibarra profited by charging the drug investors an amount exceeding the fee imposed by Rodriguez and Valencia, thereby making a commission on each cocaine smuggling venture.[32] , that being codefendant Ibarra, is specifically identified in two of the seven drug smuggling ventures that were interdicted and referenced in the instant case.  This Honorable Court sentenced Ibarra to a term of 135 months imprisonment.[33]

As for Mr. Mesa Lara, Probation specifically references him in one of the seven drug smuggling ventures intercepted by the Coast Guard—that occurring with the interdiction of October 22, 2020, and the seizure of approximately 640 kilograms of cocaine.[34]

---

[29] *Id.* at 2.

[30] *Id.* at ¶¶14-16.

[31] *Id.* at ¶9.

[32] *Id.*

[33] *Id.* at 2.

[34] *Id.*

6

## Argument

As an initial matter, Mr. Mesa-Lara adopts all arguments set forth in his objections to Probation, which are a part of the amended PSI dated November 13, 2025.[35]  Furthermore, under the guidelines and amendments in effect as of November 1, 2025, it is the position of Mr. Mesa-Lara that his Base Offense Level, as determined by Probation, of 38 should be capped at either 32 or 30 for the following reasons: (a) at a minimum, Mr. Mesa-Lara had a mitigating role (pursuant to USSG §3B1.2) in the underlying drug conspiracy (*e.g*., compare his conduct to that of his coconspirators) and therefore his Base Offense Level should be capped at 32, or (b) in addition to the mitigating role, Mr. Mesa-Lara also performed a low-level drug trafficking function, as he had served as a driver, handed some money to two backseat passengers about to go on a drug trip as his boss was a co-occupant of the vehicle, and repaired a boat engine that was not initially known to be going on a drug trip.

This Honorable Court should make the finding that Mr. Mesa-Lara is "safety valve" eligible under §5C1.2 and that he qualifies for the 2-level reduction under USSG §2D1.1(b)(18).  Mr. Mesa-Lara satisfied the requisite criteria to be eligible for the 2-level safety valve reduction.  Contrary to the position of the United States, Mr. Mesa-Lara was not an organizer, leader, manager, or supervisor in the underlying drug trafficking organization.  Consistent with Mr. Mesa-Lara's

---

[35] *See* Doc. 234, including Addendum to Presentence Report.

position, this Honorable Court should also determine that Mr. Mesa-Lara did not play an aggravating role in the underlying drug conspiracy.  The conduct of Mr. Mesa-Lara's codefendants, as expressed by Probation in the PSI (in outlining the various drug interdictions), clearly demonstrates that each and every one of his codefendants (including those receiving imprisonment sentences of 120 months and 135 months) were enormously more involved in the elaborate and vital functions of the involved drug smuggling ventures.  The PSI references no profits to Mr. Mesa-Lara, no security functions, no coordinating of investors, no attendance at planning meetings, etc.

In addition to the foregoing matters, Mr. Mesa-Lara, based upon the facts of his case, should matters be granted various downward adjustments—starting with a recalculation of his **Base Offense Level**, (Doc. 234 at ¶41) which is currently at 38.  Such a reduction is allowed pursuant to USSG §2D1.1(a)(5) if Mr. Mesa Lara has a current Base Offense Level above 34 (which Mr. Mesa-Lara does in fact have).  First, Mr. Mesa Lara takes the position that he played a USSG §3B1.2 *mitigating role* in the underlying offense, and therefore at best he was a "minimal participant" or at worse a "minor participant."  As an initial matter, simply compare Mr. Mesa-Lara's "preponderance of the evidence *conduct*" to that of his co-defendants who have been sentenced.  Mr. Mesa-Lara was a driver, courier, someone who passed money to two backseat passengers, and someone who performed essential a one-time function regarding a boat engine.  As a *minimal participant* Mr. Mesa Lara would be entitled to a 4-level downward

8

adjustment pursuant to USSG §3B1.2 (a), while if it is determined he was only a *minor participant* he would be entitled to just 2-level downward adjustment pursuant to USSG §3B1.2(b)—applicable to his **Base Offense Level** determination. Even if the Honorable Court determines that Mr. Mesa-Lara was neither a minor participant or minimal participant, Mr. Mesa-Lara has additional basis for downward adjustments that should adjust his **Total Offense Level** (Doc. 234 at ¶51) determination: (a) safety valve (2-level downward adjustment, pursuant to USSG §2D1.1(b)(18); *see also* USSG §5C1.2), (b) zero-point offender (2-level downward adjustment, pursuant to USSG §4C1.1), and (c) a downward adjustment for *mitigating role* as either a "minimal participant" (4-levels, pursuant to USSG §3B1.2(a)) or a "minor participant" (2-levels, pursuant to USSG §3B1.2(b)). Contrary to the position of Probation and the United States that Mr. Mesa-Lara should be identified as having an "aggravating role" in the underlying case. The upward adjustments asserted by Probation (and agreed with by the Untied States) for "Aggravating Role" (2-levels, *see* Doc. 234 at ¶42), and "organizer or leader" (4-levels, *see* Doc. 234 at ¶45) should not be sustained.

WHEREFORE the defendant, PEDRO ARCESIO MESA-LARA, requests that this Honorable Court grant the requested relief.

Respectfully submitted this 20th day of November, 2025.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2025, a true and correct copy of the foregoing was provided by electronic (CM/ECF) filing to: **Lauren Stoia, AUSA**.

IRVIN LAW FIRM

*/s/Grady C. Irvin, Jr.*

_____

Grady C. Irvin, Jr. (FBN: 6548)
507 W. Dr. M.L. King, Jr. Blvd.
P.O. Box 4587 *(mailing)*
Plant City, Florida 33563
Telephone: 813.659.2000
grady@irvinattorneys.com

**Attorney for Defendant**

10